UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------X

JOSE COLON,

                              Plaintiff,                **CIVIL ACTION**

    - against -

EDWIN'S GLORIOUS GARDENS LLC
and EDWIN PEAK,

                              Defendants.

---------------------------------------------------------------------X

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action by Jose Colon (hereinafter "Plaintiff") against his former employers Edwin's Glorious Gardens LLC d/b/a Edwin's Glorious Gardens ("Edwin's") and its owner Edwin Peak ("Peak") (collectively "Defendants") to, *inter alia*, recover overtime wages under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL").

### JURISDICTION

2. The jurisdiction of this Court is predicated upon 29 U.S.C. § 216 and 28 U.S.C. §§ 1331, 1337.

3. This Court has supplemental and pendent jurisdiction over the state law claims contained in Count II.

4. Venue is proper under 28 U.S.C. § 1391, since all of the claims set forth herein arose in the Eastern District of Pennsylvania.

## PARTIES

5. Plaintiff resides in Philadelphia, PA.

6. Upon information and belief, Edwin's is a Pennsylvania corporation engaged in the landscaping industry with a business located in Conshohocken, PA.

7. At all relevant times, Edwin's has had a gross revenue in excess of $500,000.

8. At all relevant times, Edwin's has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, Edwin's has employed, and/or continues to employ, Plaintiff within the meaning of the FLSA.

10. Upon information and belief, Peak resides in Conshohocken, PA.

11. Upon information and belief, Defendants, at all times relevant hereto, were responsible for day-to-day operations, hiring and firing of employees, setting of employees' hours and paying employees' wages.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendants were the employer of Plaintiff.

13. At all relevant times, Peak determined Plaintiff's wages.

14. At all relevant times, Peak determined Plaintiff's work schedule.

15. From on or about February 2018 through on or about October 2021, and from on or about February 2022 through on or about October 10, 2022, Plaintiff was employed by Defendants.

16. Plaintiff worked as a laborer and landscaper in the course of his employment with Defendants.

17. September through February, Plaintiff worked from Monday to Friday from 7:30 a.m. to 3:30 p.m. with a 30-minute lunch break.

18. From March through August, Plaintiff worked between 48 and 52 hours per week.

19. In 2018 and 2019, Plaintiff was paid $20 an hour for all hours worked.

20. In 2020, Plaintiff was paid $22 an hour for all hours worked

21. In 2021 and 2022, Plaintiff was paid $25 an hour for all hours worked.

22. Plaintiff was paid the same hourly rate for work performed after 40 hours.

## COUNT I – FAIR LABOR STANDARDS ACT

23. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

24. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

25. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

26. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

27. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

28. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of

such amounts, liquidated damages, pre-judgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

### COUNT II – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

29. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30. This cause of action is a supplemental state claim arising under the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260. et seq.

31. The PWPCL requires Defendant to timely pay full wages due to Plaintiff and provides statutory damages for the failure to timely pay all wages due.

32. Defendants willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PWPCL, 43 P.S. § 260.1 et seq.

33. Plaintiff is entitled to declaratory relief that Defendants violated the PWPCL, and to appropriate equitable relief. Defendant is liable for unpaid wages and statutory damages together with costs and attorney's fees under the PWPCL, 43 P.S. §§ 260.9a.

34. The PWPCL requires Defendants to timely pay full wages due to Plaintiff and provide statutory damages for the failure to timely pay all wages due.

35. Defendants willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PWPCL, 43 P.S. § 260.1 et seq.

36. Plaintiff is entitled to declaratory relief that Defendants violated the PWPCL, and to appropriate equitable relief. Defendants are liable for unpaid wages and statutory damages together with costs and attorney's fees under the PWPCL, 43 P.S. §§ 260.10.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Enter declaratory judgment that the action of the Defendants violated Plaintiff's rights under the FLSA and PWPCL as alleged herein;

2. Order Defendants to fully compensate Plaintiff for the amounts of overtime to which he is entitled to under the FLSA, 29 U.S.C. § 201 et seq., with such interest as permitted by law;

3. Award to Plaintiff liquidated damages equal to the amount of unpaid overtime wages owed pursuant to 29 U.S.C. § 216;

4. Order Defendants to pay Plaintiff all amounts of wages earned, including overtime, pursuant to the PWPCL, 43 P.S. § 260.1 et seq., with such interest as permitted by law;

5. Award to Plaintiff liquidated damages in the sum of $500.00 or 25% of the total amount of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

6. Order Defendants to fully compensate Plaintiff and all other persons similarly situated for all amounts of wages due, whichever is greater, pursuant to 43 P.S. § 260.10;

7. Enjoin further violations of the FLSA and the PWPCL by Defendants;

8. Award to Plaintiff reasonable attorney's fees, court costs and all other reasonable costs incurred;

9. Grant such other and further relief as the Court deems just and proper.

Dated: November 19, 2022
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*